TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
TIMOTHY D. BICHE (Cal. Bar No. 293363)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-7354
    Facsimile: (213) 894-7819
    E-mail: timothy.biche@usdoj.gov

Attorneys for Defendants
United States Small Business Administration;
Isabella Guzman, Administrator of the SBA;
Janet Yellen, Secretary of the U.S. Department of the Treasury

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Prestige Transportation, Inc. et al.<br><br>Plaintiffs,<br><br>v.<br><br>United States Small Business Administration et al.,<br><br>Defendants. | Case No. CV20-08963-SB (RAOx)<br><br>**Defendants' Reply in Support of Their Motion for Judgment on the Pleadings**<br><br>Hearing Date: September 10, 2021<br>Hearing Time: 8:30 a.m.<br>Location: Courtroom 6C<br>United States Courthouse<br>350 W. First Street<br>Los Angeles, CA 90012<br><br>Honorable Stanley Blumenfeld Jr.<br>United States District Judge |

Defendants the United States Small Business Administration (the "SBA"); Isabella Guzman, Administrator of the SBA (the "Administrator"); and Janet Yellen, Secretary of the United States Department of the Treasury (collectively "Defendants") respectfully submit this Reply in Support of their Motion for Judgment on the Pleadings (the "Motion"). Dkt. No. 31.

## I.    Introduction

Despite Plaintiffs' attempts to obfuscate the issue presented by their claims, the backdrop of this case can be summarized in three points:

1. The SBA has been authorized to make economic injury disaster loans ("EIDL") under 15 U.S.C. § 636(b)(2) for nearly 70 years.
2. Pursuant to SBA Standard Operating Procedures ("SOPs") that predate the CARES Act, an entity can qualify for an EIDL only if all of its "principal owners" are "qualified aliens" under 8 U.S.C. § 1641(b).
3. Through the CARES Act, Congress expressly modified or suspended certain specified EIDL eligibility criteria.

With these irrefutable facts in mind, the Court must answer the question presented by Plaintiffs' Complaint:

> Did the CARES Act's limited modification and suspension of certain specified eligibility requirements for EIDLs implicitly deprive the SBA of its authority to consider all other preexisting EIDL eligibility requirements?

As demonstrated in Defendants' Motion, as a matter of pure statutory interpretation the answer to that question is "no." In their Opposition, Plaintiffs have not shown otherwise. First, Plaintiffs' assertion that the SBA's consideration of the immigration status of EIDL applicants' principal owners is a "new criteria" is demonstrably false based on the SBA's publicly available SOPs. Second, Plaintiffs' argument that the SBA's continued consideration of preexisting eligibility criteria that were not modified by the CARES Act is *ultra vires* and inconsistent with the CARES Act is based solely on a mistaken and

facially untenable definition of the word "eligible." Simply being "eligible" for something does not mean one is "guaranteed" to receive it. That inescapable conclusion is supported by the very arguments Plaintiffs attempt to make to the contrary. Finally, Plaintiff's reference to the rules and policies for other SBA programs and even other programs administered by other agencies is wholly irrelevant to the Court's analysis of the EIDL program.

Accordingly, for the reasons stated below and in the Motion, all of Plaintiffs' claim in this case fail as a matter of law. The Court should grant this Motion and enter judgment in Defendants' favor.

## II. Argument

### A. The "law of the case" doctrine is inapplicable.

The "law of the case" doctrine applies most clearly when a lower court is prevented from reconsidering an issue that has been decided by a higher court. *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018); *United States v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986) ("The legal effect of the doctrine of the law of the case depends upon whether the earlier ruling was made by a trial court or an appellate court. . . . A trial court may not, however, reconsider a question decided by an appellate court."). "The law of the case doctrine does not preclude a court from reassessing its own legal rulings in the same case." *Askins*, 899 F.3d at 1042.

In its Order on Defendants' Motion to Dismiss, the Court did not rule on the merits of Defendants' argument that Plaintiffs' claims fail as a matter of law. Dkt. No. 43 ("Order"). Thus, even if the law of the case doctrine did prevent a trial court from revisiting its own prior rulings—which it does not—it would be inapplicable here. Accordingly, just as the Court rejected Plaintiffs' prior argument that the Order denying their request for injunctive relief implicitly decided the standing issue, the Court should reject Plaintiffs' argument that the legal sufficiency of their claims have already been resolved.

**B.   The SBA's continued consideration of the immigration statuses of EIDL applicants' principal owners is not *ultra vires* or inconsistent with the CARES Act as a matter of law.**

As set forth in the Motion, Plaintiffs' claims fail as a matter of law based solely on the text of the relevant portions of the CARES Act and the Small Business Act. Plaintiffs' arguments in opposition do not disturb that conclusion.

First, Plaintiffs' argument that the SBA's consideration of the immigration status of principal owners of EIDL applications is a "new criteria" that is applied only to EIDL applications submitted following the CARES Act, (Dkt. No. 50 ("Opp'n") 7:18-25), is factually inaccurate. This requirement is set forth plainly in the SOPs governing EIDLs under the section titled "APPLICANTS GENERALLY ELIGIBLE":

> G.   Aliens: U.S. citizens, non-citizen nationals, and qualified aliens are eligible for disaster loans. Lawful presence in the United States, alone, is not sufficient to establish that the individual is a qualified alien. Individuals are not eligible unless the legal basis upon which the individual has been admitted is a covered category. Refer to Appendix 7 for additional information.
>
> . . .
>
> 2.   Corporations, Partnerships, and Limited Liability Entities (LLE): Alien-owned corporations, partnerships, and LLEs properly registered and licensed in the state where the disaster occurred are eligible. If any member, partner, or shareholder, owning 20 percent or more of the applicant business is in the USA they must be a qualified alien.

SBA Standard Operating Procedure 50 30 9, *Disaster Assistance Program* (SOP 50 30 9), at 18, *available at* https://www.sba.gov/document/sop-50-30-9-disaster-assistance-program. Appendix 7 of the SOPs refers expressly to several portions of the INA, including the definition of "qualified alien" in 8 U.S.C. § 1641(b). *Id.* at 172-73. Plaintiffs' argument that the SBA's eligibility requirements are not clearly set forth is simply wrong. Moreover, those SOPs have been in effect since May 31, 2018—nearly

3

two years before the CARES Act was passed.[1] While Plaintiffs may have been ignorant of this requirement before they applied for EIDLs, that does not mean the requirement did not exist.

Second, Plaintiffs assert that Defendants "have not responded or provided a reasoned explanation as to why a loan applicant would be considered an 'eligible entity' for purposes of the EIDL advance . . . but not for the EIDL loan." Opp'n 8:26-9:2. To the contrary, Defendants addressed this point clearly in their Motion by direct reference to the CARES Act. Dkt. No. 48 ("Mot.") 11:23-12:4. The CARES Act defined a new group of entities—"eligible entities"—that could apply for EIDLs under § 636(b)(2), just as "small business concern[s], private nonprofit organization[s], or small agricultural cooperative[s]" have long been able to do. 15 U.S.C. § 9009(b). Once the "eligible entities" or any other entity applied for an EIDL, that entity could request an advance of up to $10,000. *Id.* § 9009(e). Because the requests for advances were received and processed before the entities' EIDL applications were fully considered, some "eligible entities" or other small business concerns that applied for EIDLs and requested grants received those grants even though their applications for EIDLs were ultimately denied. This possibility is expressly contemplated by the CARES Act. *Id.* § 9009(e)(5) (providing that EIDL applicants are "not . . . required to repay any amounts of an advance . . . even if [the applicant is subsequently denied" an EIDL). Contrary to Plaintiffs' suggestion, this exact situation conclusively demonstrates that being "eligible" was not a "guarantee" of receiving a loan. Plaintiffs' attempt to paint this aspect of the CARES Act as supportive of their claims is perplexing: this provision more than any

---

[1] Plaintiffs' attempt to highlight a supposed discrepancy between the 2011 SOPs and the 2018 SOPs is immaterial. Nowhere in Plaintiffs' Complaint do they refer to the SOPs, and Plaintiffs' APA claims are not aimed at the SOPs. Notably, Plaintiffs' mention of the SOPs in their Opposition only serves to highlight the fact that the SBA has considered the immigration statuses of EIDL applicants' principal owners since at least 2018.

other demonstrates that even "eligible entities" were required to satisfy the other EIDL requirements before being approved to receive a loan.

As argued at length in the Motion, and not refuted by Plaintiffs in their Opposition, simply because an entity met the criteria to be an "eligible entity" under 15 U.S.C. § 9009(a) does not guarantee that the entity will receive an EIDL—just as meeting the criteria to be a "small business concern, private nonprofit organization, or small agricultural cooperative" does not guarantee that those entitles will receive an EIDL. As Defendants pointed out in the Motion, aside from arguing that being "eligible" is the same as being "guaranteed," Plaintiffs have not identified a single provision of the CARES Act that they contend restricts the SBA's authority to apply preexisting eligibly criteria. Plaintiffs have made no effort to do so in their Opposition. Plaintiffs' contention that Congress's determination that COVID EIDLs would be made pursuant to the Administrator's preexisting authority under 15 U.S.C. § 636(b)(2) was not a specific amendment of that section, but a comprehensive regulation of the EIDL program is unsupported. Not only do Plaintiffs not cite any particular section of the CARES Act or any authority to support this, but that exact argument has twice been rejected by circuit courts. In *Pharaohs GC, Inc. v. United States Small Business Administration*, 990 F.3d 217 (2d Cir. 2021) and *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239 (11th Cir. 2021), the Second and Eleventh circuit courts held that Congress's placement of the PPP within the SBA's preexisting loan authority under 15 U.S.C. § 636(a) meant that applications for PPP funds were subject to preexisting eligibility requirements. *Pharaohs GC*, 990 F.3d at 227 (holding that, because the PPP "was not created as a standalone program but was added into the existing § 7(a) program," it was subject "to existing conditions and regulations"); *In re Gateway Radiology*, 983 F.3d at 1263-64 (holding that SBA "did not exceed its authority in adopting the [sound value] rule for PPP eligibility," that the rule "d[id] not violate the CARES Act," was "based on a reasonable interpretation of the Act," and that the SBA "did not act arbitrarily and capriciously in adopting the rule"). Because here Congress similarly used the CARES Act to make a

limited expansion of eligibility under the preexisting EIDL program, there is no basis to ignore all preexisting eligibility criteria that were not modified or waived. Plaintiffs have not articulated any justification for departing from the Second and Eleventh Circuits' well-reasoned decisions.

Plaintiffs' citations to various cases interpreting the word "shall" are not persuasive. Section 9009(b)(2) states that "an eligible entity shall be eligible for loans under [15 U.S.C. § 636(b)(2)]." In accordance with that provision, all Plaintiffs were "eligible" for loans section 636(b)(2); but, because they did not meet all of the necessary criteria to receive those loans, their applications were denied. Plaintiffs' focus on the word "shall" is simply a red hearing. Their entire argument is that because they met the limited criteria of "eligible entity" in section 9009(a), they were entitled to receive EIDLs. As explained at length in the Motion, however, the word "eligible" does not mean "guaranteed." Plaintiffs have not, and cannot, identified any authority that supports that interpretation and, as a result, their claims fail as a matter of law.

### C. The SBA's requirement that principal owners of EIDL applicants be qualified aliens is not inconsistent with any relevant agency action.

Plaintiffs' attempt to support their claims by referring the Court to certain statements regarding the SBA's Paycheck Protection Program ("PPP") and the Department of Education's Final Rule regarding the implementation of the Higher Education Emergency Relief Fund ("HEERF"), (*see* Opp'n 10:1-14:9), is misguided. Neither of these sources have any relevance to the SBA's authority to apply preexisting eligibility criteria in processing EIDL applications submitted under the CARES Act. The PPP, while also an SBA program, draws on a separate source of authority, as those loans are made under 15 U.S.C. § 636(a). Thus, the fact that those funds are issued in different circumstances based on different criteria should come as no surprise.

Plaintiffs' reference to the Department of Education's HEERF program is even less compelling. As an initial matter, the HEERF is a different program with different goals administered by a different agency. Plaintiffs have not articulated why the

Department of Education's implementation of HEERF has any relevance to the issues raised by this action. Setting that aside, however, the significant difference between HEERF and the EIDL program is that HEERF is a new program that was created by the CARES Act. *See Oakley v. Devos*, 2020 WL 3268661, at *2 (N.D. Cal. June 17, 2020). That is why it is possible to infer that "Congress did not intend for [the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA")] to apply to HEERF." *See* Opp'n 13:1-2. But Congress's limited modification of certain eligibility requirements for a preexisting program, like the EIDL program, cannot be read as such an exemption. The CARES Act did not create EIDLs. Instead, Congress used the CARES Act to make certain limited adjustments to particular eligibility criteria. There is no basis to interpret this limited modification as an implicit wholesale abandonment of all other preexisting eligibility requirements, as Plaintiffs request. As pointed out in the Motion, and not addressed by Plaintiffs in Opposition, this interpretation would lead to absurd results. *See* Mot. 10:14-26. Moreover, the Second and Eleventh Circuits have already rejected this reading of the CARES Act in the context of the PPP. *Pharaohs GC*, 990 F.3d at 227; *In re Gateway Radiology*, 983 F.3d at 1263-64. The Court here should apply that same logic to reject Plaintiffs' claims regarding the EIDL program as a matter of law.

### D. Defendants cannot have failed to follow notice and comment requirements that they were expressly exempted from.

Plaintiffs' argument regarding their fifth and seventh claims is unavailing. By statute, the CARES Act expressly exempted the SBA from going through notice-and-comment rulemaking procedures in implementing the CARES Act's limited modifications of the EIDL program. *See* 15 U.S.C. § 9012. Plaintiffs have not explained how the SBA can be liable for not following procedures it was exempted from. Rather than tackle that particular challenge, Plaintiffs again argue that the SBA's consideration of the immigration statuses of principal owners of EIDL applicants is a new process. As explained above, however, the SBA's SOPs clearly show that this is not correct.

Plaintiffs' argument regarding their alleged claim for a Due Process violation is similarly murky. The notice-and-comment rulemaking requirements are not constitutional.[2] Rather, those requirements arise from a Congressionally enacted statute. *See* 5 U.S.C. § 553(b). Undoubtedly Congress can choose to exempt an agency from a specific requirement it has imposed and, because it did so here. Accordingly, Defendants are entitled to judgment on the pleadings as to Plaintiffs' fifth and seventh claims as a matter of law.[3]

### E. Defendants are entitled to judgment as a matter of law on Plaintiffs' Equal Protection clause claim.

Plaintiffs' arguments in support of their claim under the Equal Protection clause again ignores the text of the applicable SBA rule under which their EIDL applications were denied. Clearly Plaintiffs themselves, as business entities, are not "aliens." The relevant portion of the SBA's EIDL SOPs, however, provides that "[i]f any member, partner, or shareholder, owning 20 percent or more of the [entity applying for the EIDL] is in the [United States] they must be a qualified alien." SOP 50 30 9 at 18. Plaintiffs' argument that the INA and PRWORA do not apply to entities ignores the plain language of the rule. The SBA's SOPs look to the immigration status of the principal owners of the applicant entity—that is, shareholders "owning 20 percent or more" of the entity. Those shareholders, as real persons, may or may not be "qualified aliens" under 8 U.S.C.

---

[2] If Plaintiffs' implicit argument is that they have a constitutionally protected property interest in participating in notice-and-comment rulemaking for all agency decisions, even when those decisions are expressly exempted from notice-and-comment requirements, then that argument is unsupported.

[3] This claim also suffers from ambiguity as to what agency action Plaintiffs contend was subject to notice-and-comment rulemaking. As discussed at length in this brief, the Motion, and Defendants' Motion to Dismiss, in implementing the EIDL program after the CARES Act, the SBA continued to apply preexisting eligibility criteria that were not modified or suspended. The SBA did not promulgate a new rule stating that it would continue to enforce preexisting EIDL eligibility requirements that were not affected by the CARES Act.

§ 1641(b) and, based on their immigration status, the entities of which they are principal owners of may or may not be entitled to receive EIDLs. Consistent with the Supreme Court precedent identified in the Motion, consideration of the immigration status of the principal owners of entities that apply for EIDLs does not violate the Equal Protection clause of the Constitution. *See Mathews v. Diaz*, 426 U.S. 67, 83 (1976). Accordingly, Defendants are also entitled to judgment as a matter of law on this claim.

### III. Conclusion

For the reasons stated above and in the Motion, Defendants respectfully request that the Court grant this Motion and enter judgment in their favor.

Respectfully submitted,

Dated: August 27, 2020

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

 /s/ Timothy D. Biché
TIMOTHY D. BICHÉ
Assistant United States Attorney

Attorneys for Defendants