UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-08963-SB-RAO | Date: | September 9, 2021 |
|---|---|---|---|

| Title: | *Prestige Transportation Inc., et al. v. United States Small Business Administration, et al.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|
| Victor Cruz | N/A |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| N/A | N/A |

| Proceedings: | ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. No. 48) |
|---|---|

    Plaintiffs Prestige Transportation Inc. (Prestige), Superior Overnight Services Inc. (Overnight) and Amerilogistics Group Inc. (Amerilogistics) are transportation companies owned by nonresident aliens who applied for and were denied loans through the Economic Injury Disaster Loans (EIDL) program established by the Coronavirus Aid, Relief, and Economic Security Act (CARES Act). Plaintiffs sued the U.S. Small Business Administration (SBA), which administers the EIDL program, along with the SBA Administrator (now Isabella Casillas Guzman) and Secretary of the U.S. Department of the Treasury (now Janet Yellen) in their official capacities, challenging the SBA's policy of excluding nonresident aliens from participation in the EIDL program. Dkt. No. 1.[1] After the Court denied Defendants' Rule 12(b)(6) motion, Dkt. No. 43, Defendants moved for judgment on the pleadings. Dkt. No. 48. After the Court issued a tentative

---

[1] A fourth Plaintiff, STAM Properties LLC (STAM), challenged an additional SBA policy but was dismissed for lack of standing. Dkt. No. 43.

ruling, the parties informed the Court that they agreed to have the matter submitted without oral argument. The hearing set for September 10, 2021, is therefore VACATED, and for the following reasons, the motion is GRANTED.

## BACKGROUND

Plaintiffs Prestige, Overnight, and Amerilogistics are transportation companies operating fleets of trucks across the country. Dkt. No 1 ¶¶ 18-22. Prestige is solely owned by Lubomir Anguelov, "a USCIS work-authorized non-citizen with a pending application for adjustment of status to that of lawful permanent resident (green card)." *Id.* ¶¶ 16-17. Overnight and Amerilogistics are solely owned by Nickolay Dinkov, a non-citizen "with a pending application for EB5 employment creation under 8 U.S.C. § 1153(a)(5)." *Id.* ¶¶ 19, 22, 87.

In response to the COVID-19 pandemic in early 2020, Congress passed the CARES Act, which provided billions of dollars of emergency economic assistance to individuals, businesses, and other entities. Relevant here, 15 U.S.C. § 9009(b) expanded eligibility for small business loans through the EIDL program, providing that "[d]uring the covered period [from January 31, 2020 through December 31, 2021], in addition to small business concerns, private nonprofit organizations, and small agricultural cooperatives, an eligible entity shall be eligible for a loan made under section 636(b)(2) of this title." The statute defines "eligible entity" to include "a business with not more than 500 employees." Id. § 9009(a)(2)(A).

Anguelov and Dinkov filed electronic applications to obtain EIDL emergency loans on behalf of Prestige, Overnight, and Amerilogistics, and although each Plaintiff received an EIDL advance grant, all three applications were eventually denied after Anguelov and Dinkov disclosed their immigration status. Dkt. No. 1 ¶¶ 71-96, 106. Plaintiffs allege a variety of claims asserting that they are eligible for EIDL loans under the CARES Act and that the SBA lacks authority to exclude them based on the immigration status of their owners. *Id.* ¶¶ 134-227. Specifically, Plaintiffs allege causes of action for (1) *ultra vires* agency action, (2) invalid agency action under the Administrative Procedure Act (APA), (3) arbitrary and capricious action under the APA, (4) failure to carry out a ministerial duty under the APA, (5) failure to follow the APA's notice and comment procedure, (7) violation of the Due Process Clause, and (8) violation of

the Equal Protection clause, and Plaintiffs seek damages and, in the alternative, mandamus relief.  *Id.*[2]

Plaintiffs sought a temporary restraining order, which the Court denied. Dkt. Nos. 11, 22.  Plaintiffs appealed the denial, and the Ninth Circuit affirmed. Dkt. No. 35.  In response to Defendants' Rule 12(b)(6) motion to dismiss, Plaintiffs objected that Defendants had not filed the administrative record, and the Court denied Defendants' motion, explaining that "[g]iven the nature of Corporate Plaintiffs' challenge to the SBA's actions—and in the absence of a response from the government on the issue of the administrative record—the viability of the APA Claims may be better raised on a summary judgment motion with the benefit of an administrative record."  Dkt. No. 43 at 8.  Defendants filed the administrative record and now move for judgment on the pleadings, arguing that the CARES Act did not foreclose the SBA from applying preexisting immigration-related EIDL eligibility criteria.  Dkt. Nos. 47, 48.

## DISCUSSION

### A.   Legal Standard

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  A court may grant judgment on the pleadings if, "taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law."  *McSherry v. City of Long Beach*, 423 F.3d 1015, 1021 (9th Cir. 2005).  Analysis under Rule 12(c) is "substantially identical" to analysis under Rule 12(b)(6).  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Under this standard, judgment is appropriate for the defendant where the complaint either fails to allege a "cognizable legal theory or fails to allege sufficient factual support for its legal theories."  *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (applying Rule 12(b)(6)).

In evaluating a motion on the pleadings, courts may rely on undisputed facts contained in materials subject to judicial notice.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see* Fed. R. Evid. 201(b). Without objection, the Court takes judicial notice of the SBA's Standard Operating Procedure cited by both sides.

---

[2] Because Count Six was alleged only by Plaintiff STAM, the Court dismissed it after finding that STAM lacked standing.  Dkt. No. 43 at 7 n.7.

### B. Law of the Case

Plaintiffs first argue that under the law of the case doctrine, the Court's Rule 12(b)(6) ruling precludes Defendants from reurging the same arguments in a Rule 12(c) motion. The Court, however, did not previously rule on the merits of Defendants' arguments, and in any event, "[t]he law of the case doctrine does not preclude a court from reassessing its own legal rulings in the same case." *Askins v. DHS*, 899 F.3d 1035, 1042 (9th Cir. 2018). Moreover, Defendants have now filed the administrative record (although they do not rely on it), and Plaintiffs in the Rule 26(f) report agree that "the nature of this case involves primarily legal rather than factual issues," "the factual issues related to the individual claims are largely undisputed," and "the only discovery needed would go to the issues of numerosity for purposes of Rule 23 and disparate treatment of applicants for the various CARES Act funds." Dkt. No. 49 at 4. Plaintiffs thus have not identified any basis for forcing Defendants to refile their motion as a summary judgment motion.

### C. Plaintiffs' Eligibility for EIDL Loans

The main thrust of Plaintiffs' case is that the SBA lacks authority to exclude them from eligibility for the EIDL program on the basis of their immigration status. Plaintiffs contend that the phrase "an eligible entity shall be eligible for a loan made under section 636(b)(2) of this title" in § 9009(b) "leaves no authority for Defendants to graft on additional eligibility requirements and to categorically preclude corporate entities that fall under the CARES Act's definition of 'eligible entities' from Emergency EIDL consideration." Dkt. No. 50 at 14-15. Defendants respond that nothing in the CARES Act displaced SBA's authority to apply its preexisting rules for loans under § 636(b)(2). At least since 2018, those rules have provided:

> Aliens: U.S. citizens, non-citizen nationals, and qualified aliens are eligible for disaster loans. Lawful presence in the United States, alone, is not sufficient to establish that the individual is a qualified alien. Individuals are not eligible unless the legal basis upon which the individual has been admitted is a covered category. Refer to Appendix 7 for additional information.

SBA Standard Operating Procedure 50 30 9, Disaster Assistance Program (SOP) at 18 (available at https://www.sba.gov/document/sop-50-30-9-disaster-assistance-program).

Appendix 7, in turn, adopts the definition of "qualified alien" in 8 U.S.C. § 1641(b) and observes that 8 U.S.C. § 1611(a) precludes an alien who is not a "qualified alien" from obtaining any Federal public benefit:

Qualified Alien:  U.S.C. Title § 8 states that an alien who is not a qualified alien is not eligible for any Federal public benefit, including a loan provided by an agency of the United States (8 U.S.C. § 1611(a) and (c)).  8 U.S.C § 1641(b) defines a qualified alien:

The term "qualified alien" means an alien who, at the time the alien applies for, receives, or attempts to receive a Federal public benefit, is:

1. An alien who is lawfully admitted for permanent residence under the Immigration and Nationality Act [8 U.S.C. 1101 et seq.],

2. An alien who is granted asylum under § 208 of such Act [8 U.S.C. 1158],

3. A refugee who is admitted to the United States under § 207 of such Act [8 U.S.C. § 1157].

4. An alien who is paroled into the United States under § 212(d)(5) of such Act ["8 U.S.C. 1182" (d)(5)] for a period of at least 1 year,

5. An alien whose deportation is being withheld under § 243(h) of such Act [8 U.S.C. 1253] (as in effect immediately before the effective date of § 307 of division C of Public Law 104–208) or § 241(b)(3) of such Act [8 U.S.C. 1231 (b)(3)] (as amended by § 305(a) of division C of Public Law 104–208),

6. An alien who is granted conditional entry pursuant to § 203(a)(7) of such Act [8 U.S.C. 1153 (a)(7)] as in effect prior to April 1, 1980; [1] or

7. An alien who is a Cuban and Haitian entrant (as defined in § 501(e) of the Refugee Education Assistance Act of 1980).

SOP at 172-173 (bracketed content in original).

The SBA's preexisting rules also address alien-owned entities, providing: "Alien-owned corporations, partnerships, and [Limited Liability Entities] properly registered and licensed in the state where the disaster occurred are eligible.  If any

member, partner, or shareholder, owning 20 percent or more of the applicant business is in the USA they must be a qualified alien." *Id.* at 19. It is undisputed that Anguelov and Dinkov are not "qualified aliens" under the § 1641(b) definition adopted in the SOP.

As recognized in the SOP, the Personal Responsibility and Work Opportunity Reconciliation Act (PRWORA) provides at 8 U.S.C. § 1611(a) that "[n]otwithstanding any other provision of law and except as provided in subsection (b), an alien who is not a qualified alien (as defined in section 1641 of this title) is not eligible for any Federal public benefit (as defined in subsection (c))." Subsection (c) defines "Federal public benefit" to include "any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States," *id.* § 1611(c)(1)(A), and Plaintiffs make no argument that the EIDL loans for which they applied fall outside this broad definition. Thus, unless the CARES Act displaces PRWORA, Plaintiffs were statutorily ineligible to receive EIDL loans under PRWORA, and the SBA was not only authorized but required to deny their applications.

Plaintiffs raise three main arguments that the SBA's immigration status rule is unlawful and inconsistent with the purpose and text of the CARES Act. First, they argue that the rule did not preexist the CARES Act but rather is a new criterion applied only to CARES Act IEDL loans. Although the SBA's communications with Plaintiffs during their application process did not reference PRWORA, both PRWORA and the SOP adopting its prohibition on non-qualified aliens receiving benefits predate the CARES Act and therefore required the SBA to deny Plaintiffs' applications.

Second, Plaintiffs rely on three matters outside the pleadings which they contend are "official agency action" contrary to Defendants' position here: (1) a White House statement about changes to the Payroll Protection Program (PPP), (2) an SBA email about eligibility for the PPP, and (3) a Department of Education amendment to its rules governing eligibility for grants under the Higher Education Economic Relief Fund (HEERF). Even assuming these documents are properly before the Court on a Rule 12(c) motion, none of them addresses the IEDL program at issue here.

Third, Plaintiffs contend that the SBA's consideration of immigration status is incompatible with the text and context of the CARES Act, arguing that the phrase "an eligible entity shall be eligible for a loan" in § 9009(b) is mandatory

language that does not allow the SBA to preclude otherwise eligible entities based on criteria (like immigration status) not addressed in § 9009.

Plaintiffs have not shown that Congress precluded application of PRWORA to the EIDL program in enacting the CARES Act. PRWORA prohibits non-qualified aliens from receiving any Federal public benefits "[n]otwithstanding any other provision of law," 8 U.S.C. § 1611(a). Such clauses "broadly sweep aside potentially conflicting laws." United States v. Novak, 476 F.3d 1041, 1046 (9th Cir. 2007). Section 9009 makes no reference to immigration status whatsoever, much less an express statement that the restrictions in § 1611 do not apply. Plaintiffs' suggestion that the CARES Act by its silence on immigration status in § 9009 implicitly overruled PRWORA is unavailing, for reasons explained persuasively in Poder in Action v. City of Phoenix, 481 F. Supp. 3d 962 (D. Ariz. 2020). There, the City of Phoenix used relief funds it received under the CARES Act to create a program for assisting eligible residents with utility, rent, and mortgage obligations, but concluded that PRWORA precluded it from extending these benefits to aliens who were not "qualified aliens." Plaintiffs challenged this exclusion and sought a preliminary injunction. The court denied their motion, rejecting their argument that PRWORA was inapplicable:

> At bottom, then, Plaintiffs' argument is that the CARES Act should be construed as implicitly overruling whatever restrictions on the receipt of CRF funds might otherwise arise from PRWORA. The difficulty with this argument is that the Ninth Circuit applies "extremely strict standards for finding an implied repeal," because "repeals by implication are not favored and will not be presumed unless the intention of the legislature to repeal is clear and manifest." Ledezma-Galicia v. Holder, 636 F.3d 1059, 1069 (9th Cir. 2010) (citation and internal quotation marks omitted). Section 5001 cannot be said to evince a "clear and manifest" intention to override PRWORA. Its silence as to who may receive CRF funds, although perhaps creating some ambiguity, can easily be viewed as acquiescence to PRWORA's longstanding limitations. A finding of implicit repeal would be inappropriate in these circumstances.

Id. at 971.[3]

---

[3] The court distinguished cases enjoining the Department of Education from applying immigration-related eligibility restrictions in connection with HEERF, noting that those decisions depended on the statutory definition of "students,"

Plaintiffs' broader textual argument—that the SBA is precluded from applying *any* preexisting restrictions not contained in § 9009—has also been persuasively rejected in the related context of the PPP program. In *Pharaohs GC, Inc. v. SBA*, 990 F.3d 217 (2d Cir. 2021), the Second Circuit affirmed the denial of a preliminary injunction sought by nude-dancing establishments that argued they had been improperly denied PPP funds. The plaintiff argued that "'any business concern . . . shall be eligible' means that *every* 'business concern' with no more than 500 employees is eligible for PPP loans." *Id.* at 226. The Second Circuit found this position "not tenable," explaining that "[t]he PPP was not created as a standalone program but was added into the existing § 7(a) program, which subjects it to existing conditions and regulations, as well as existing SBA authority." *Id.* at 227 (quoting *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1256 (11th Cir. 2020)). Observing that "[w]e presume that Congress legislates against the backdrop of existing law," the Second Circuit concluded that the relevant section of the CARES Act "must be understood as simply raising the employee threshold defining eligibility for small business relief to 500 and including a few other kinds of employers in the Program, like nonprofit organizations and sole proprietors. It does not require the Administrator to make eligible *all* businesses below that threshold." *Id.* at 227-28. Similarly, Plaintiffs here have not established that the CARES Act generally precludes the SBA from applying any criteria not included in the § 9009(a)(2) definition of "eligible entity."

Furthermore, accepting Plaintiffs' argument would lead to absurd results. Section 9009 defines "eligible entity" as "(A) a business with not more than 500 employees; (B) any individual who operates under a sole proprietorship, with or without employees, or as an independent contractor; (C) a cooperative with not more than 500 employees; (D) an ESOP (as defined in section 632 of this title)

---

which was not at issue in *Poder in Action* and is not at issue here. *See Poder in Action*, 481 F. Supp. 3d at 972 (distinguishing *Noerand v. Devos*, 474 F. Supp. 3d 394 (D. Mass. 2020) and *Oakley v. Devos*, No. 20-CV-03215-YGR, 2020 WL 3268661 (N.D. Cal. June 17, 2020)); *see also Washington v. DeVos*, 2020 WL 4275041, *6 (E.D. Wash. 2020) (concluding that CARES ACT provision establishing HEERF did not implicitly overrule PRWORA because the "statutory language discrepancies" in various sections of the CARES Act concerning recipient eligibility "are more likely attributable to inartful drafting under the constraints of a global pandemic rather than any clearly expressed intent to override a longstanding provision of federal law with an overarching 'notwithstanding' clause").

with not more than 500 employees; (E) a tribal small business concern, as described in section 657a(b)(2)(C) of this title, with not more than 500 employees; or (F) an agricultural enterprise (as defined in section 647(b) of this title with not more than 500 employees." 15 U.S.C. § 9009(a)(2). Under Plaintiffs' reading, the SBA can only consider whether an applicant falls into any of the above categories. Thus, as long as a business has fewer than 500 employees, the SBA cannot deny its EIDL loan application because, for example, it is engaged in criminal activity, it is a foreign business with no connection to the United States, or the SBA concludes that it would be unable to pay back the loan, since none of those conditions are referenced in § 9009(a)(2). Plaintiffs neither suggest any limitations to their absolute interpretation nor provide any plausible basis for concluding that Congress eliminated all preexisting limitations on EIDL loan eligibility in passing the CARES Act.

In sum, Plaintiffs have not established that § 9009 through its silence on the issue of immigration status expressed Congress's "clear and manifest" intent to repeal by implication PRWORA's broad restrictions that apply "notwithstanding any other provision of law." As a matter of law, Plaintiffs were therefore ineligible to receive Federal public benefits through the EIDL program, and the SBA properly denied their applications. Plaintiffs' claims for *ultra vires* agency action and for substantive violations of the APA in Counts One through Four are DISMISSED.

### D.   Notice and Comment

Plaintiffs allege in Count Five that Defendants violated the APA by not complying with the notice-and-comment rulemaking requirements in 5 U.S.C. § 553 and allege in Count Seven that the lack of any notice or meaningful opportunity to comment or establish entitlement to CARES Act benefits violated their Fifth Amendment right to due process. The immigration-related restrictions on Plaintiffs' eligibility come from PRWORA and the SOP, both of which predate the CARES Act, and Plaintiffs do not argue that either Congress's enactment of the PRWORA or the SBA's adoption of the SOP violated the APA or the Due Process Clause. Accordingly, Counts Five and Seven are DISMISSED.

### E.   Equal Protection

Finally, Plaintiffs allege an Equal Protection violation, asserting that they are just as likely to suffer economic harm as companies created by U.S. citizens or legal permanent residents. "Although aliens are protected by the Due Process and

Equal Protection Clauses, this protection does not prevent Congress from creating legitimate distinctions either between citizens and aliens or among categories of aliens and allocating benefits on that basis." *Korab v. Fink*, 797 F.3d 572, 579 (9th Cir. 2014) (citing *Mathews v. Diaz*, 426 U.S. 67, 78 (1976)).  Plaintiffs have cited no authority to support their contention that Congress's and the SBA's decisions to direct limited relief funds to companies owned by U.S. citizens and lawful permanent residents lack a rational basis.  Count Eight is therefore DISMISSED.

## CONCLUSION

PRWORA and the SBA's 2018 SOP render Plaintiffs categorically ineligible for EIDL loans, and Plaintiffs have not shown that Defendants violated the APA or Plaintiffs' constitutional rights in administering the EIDL program consistent with the requirements of PRWORA and the SOP.  Defendants' motion for judgment as a matter of law is therefore GRANTED and Plaintiffs' claims are DISMISSED on the merits with prejudice.  A Final Judgment will be entered separately.